UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25
PENSION FUND, et al.,

       Plaintiffs,

v.

ACRO METALS, INC., JUSTIN P. CRANE,
and DARRELL CRANE,

       Defendants.
_____/

Case No. 07-10881

Honorable Nancy G. Edmunds

# ORDER STRIKING CLERK'S ENTRY OF JUDGMENT BY DEFAULT AGAINST ACRO METALS, INC. AND DARRELL CRANE [10]

This matter comes before the Court *sua sponte*, in response to the clerk's improper entry of a judgment by default against Defendant Acro Metals, Inc. ("Acro") and Defendant Darrell Crane.[1] For the following reasons, the judgment of default is STRICKEN from the record and the Clerk of Court is directed to remove the image from the ECF system.

Plaintiffs in this action are multi-employer fringe benefits funds who collect payments from employers and manage employee benefits accounts. On February 28, 2007, Plaintiffs filed suit against Defendants, seeking to recover for unpaid fringe benefit contributions, liquidated damages, accrued interest, attorney's fees and costs pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145.

---

[1] Plaintiffs do not seek an entry of default judgment against Defendant Justin P. Crane, as he has answered the Complaint.

Defendant Justin P. Crane filed an answer on April 4, 2007, but Defendants Acro and Darrell Crane never answered Plaintiffs' Complaint. Accordingly, the clerk of this Court filed entries of default against Acro and Darrell Crane on May 9 and 16, respectively. Then, on May 22, 2007 upon Plaintiffs' request and affidavit stating that the claim against Acro and Darrell Crane is a sum certain, the clerk entered a judgment by default against these defendants in the amount of $5,594.38 pursuant to Fed. R. Civ. P. 55(b)(1).

A review of Plaintiffs' request for an entry of default judgment (Docket No. 9) reveals several deficiencies that require striking this filing from the ECF system because the request fails to comply with the requirements of Eastern District of Michigan Local Rule 55.2, which provides:

> Requests for a Clerk's Entry of Judgment by Default must be accompanied by an affidavit which sets forth:
>
> (a) The sum certain or the information necessary to allow the computation of a sum certain.
>
> (b) The name of the defendant who is subject to default.
>
> (c) A statement that the defendant is not:
>
>   1) an infant or an incompetent person, or
>
>   2) in the military service.
>
> (d) A statement that a default has been entered because the defendant failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a).

L.R. 55.2. The Court finds that Plaintiffs' request fails to meet subsections (a) and (d) with regards to both named defendants, and also subsection (c) with regards to Defendant Darrell Crane. The procedural requirements of subsections (c) and (d) are self-explanatory, but the Court believes that further explanation regarding the necessity of a sum certain

2

under subsection (a)[2] will be beneficial in expediting Plaintiffs' compliance with the Local Rules.

For several reasons, the Court is convinced that Plaintiffs' request does not sufficiently state a sum certain such that the entry of default judgment is improper at this time. First of all, ERISA allows Plaintiffs to recover their "*reasonable* attorney's fees and costs of the action," 29 U.S.C. § 1132(g)(2)(D) (emphasis added), so such amount is not a sum certain until this Court determines that Plaintiffs' requested figure is reasonable. *Chemtall, Inc. v. Citi-Chem, Inc.*, 992 F. Supp. 1390, 1412 (S.D. Ga. 1998) (quoting *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.C.D.C. 1984)). In addition, Plaintiffs' counsel's affidavit in support of the claimed fee amount does not state any breakdown with regards to billing records or fees paid to assist this Court in making the reasonableness determination.

Next, there are a number of disconnects regarding Plaintiffs' claim for unpaid benefit contributions against Defendant Acro and Defendant Darrell Crane. Specifically, the following issues, at a minimum, must be clarified or remedied prior to the granting of a proper judgment against these defendants:

1. The signature page to the alleged collective bargaining agreement that Defendant Acro signed (the "CBA") is dated 2001-2004, (Pls.' Request, Ex. A) yet Plaintiffs seek benefits for 2005 as well, so an updated signature page covering this later time period (or a provision of the CBA indicating that the agreement continued beyond 2004) is necessary.

---

[2]Fed. R. Civ. P. 55(b)(1) contains an identical sum certain requirement.

2. The request for entry of default judgment fails to establish a valid basis for individual liability against Defendant Darrell Crane. That filing mentions a "Payment Agreement" between Darrell Crane and Plaintiffs, but does not include a copy of the document to support Plaintiffs' assertion on this point. Furthermore, the Complaint also alleges that Darrell Crane is liable as a fiduciary under ERISA, 29 U.S.C. § 1109(a), but this alternative ground is not raised in the request. Any future motion seeking an entry of default judgment must clarify Plaintiffs' particular grounds for individual liability against Defendant Darrell Crane and provide support to establish his liability.

3. Plaintiffs have not provided a copy of the July 28, 2006 audit to support their claim for the $4,701.38 in outstanding fringe benefit contributions and accrued interest.

Due to these deficiencies, the Court finds that Plaintiffs' affidavit asserting that their claim against Acro and Darrell Crane is a sum certain is incomplete at this time. While it appears to the Court that Plaintiffs have properly pled the availability of damages for unpaid benefit contributions, attorney's fees and costs under § 1132(g)(2), the evidentiary support for Plaintiffs' claims is simply too thin for the Court to agree that the requested amount is truly a sum certain at this time. Thus, at a minimum, any future motion for entry of default judgment that Plaintiffs file with this Court must address the deficiencies outlined above.

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that the clerk's entry of a judgment of default against Defendant Acro and Defendant Darrell Crane is STRICKEN and the Clerk of Court is directed to remove the image from the ECF system. Furthermore, should Plaintiffs decide to seek a future entry of default judgment, the Court ORDERS that they file a proper

motion for entry of a judgment of default under Fed. R. Civ. P. 55(b)(2), at which time the

Court will schedule a hearing prior to ruling on Plaintiffs' motion.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 23, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager